STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-163

REC'D CUMB CLERKS OF
MAY 12 '17 AM9:36

ANTHONY SINENI, III, )
)
    Plaintiff, )
v. )
)
JONATHAN BURNHAM and )
JONATHAN BURNHAM d/b/a )
MAINE PAWN & JEWELRY )
)
    Defendants. )

ORDER ON PLAINTIFF'S
MOTION FOR
RECONSIDERATION

Before the Court is Plaintiff Anthony Sineni's Motion to Reconsider. Plaintiff seeks reconsideration of the Court's April 7, 2017 Order granting summary judgment in favor of Defendants pursuant to M.R. Civ. P. 56(c) and denying Plaintiff's Motion to Dismiss Defendants' counterclaims. After review of Plaintiff's motion, the Court affirms its April 7, 2017 Order.

    I.    Legislative History

Plaintiff asks the Court to review legislative history of 30-A M.R.S. § 3972. In interpreting a statute, the Court seeks to discern the legislature's intent, an exercise most equitably carried out by looking to the language of the statute. "To give effect to the Legislature's intent, we look first to the statute's plain meaning and, if there is ambiguity, we look beyond that language to the legislative history to determine the intent of the Legislature. *Great Northern Paper, Inc. v. Penobscot Nation*, 2001 ME 68, ¶ 15, 770 A.2d 574.

                                     **Plaintiff–Anthony Sineni, Esq.**
                                      **Defendant–Dawn Dyer, Esq.**

1

In this case, there is no ambiguity in the language of the statute. Therefore, the Court does not look to the legislative history, but instead interprets the plain language before it as may be found in the Court's April 7, 2016 Order.

## II. Restitution

Plaintiff argues that he is entitled to restitution for the loss of his family's silver pursuant to his claim for violation of 30-A M.R.S. § 3972. Plaintiff argues that the court should equate the term "restitution" in the statute with general economic damages. Plaintiff argues that because Section 3972 does not appear in the criminal statutes, and because there is no civil definition of restitution, the court should interpret it according to the plain meaning of the word.

The Court reaffirms its determination that there is no private right of action for recovery of damages for violation of the statutory record requirements of dealers in secondhand precious metals. Although Section 3972 may not be found in the criminal statute, the statute does refer to the criminal code and establish that violation of Section 3972 is a criminal offense. The plain language of the statute states: "A dealer who violates any of the requirements of this section is guilty of a Class E crime except as specified in subsection 2, paragraph E. A court may award restitution pursuant to Title 17-A, section 1325 to any victim, including a dealer, who suffers economic loss as the result of a violation of this section." 30-A M.R.S. § 3972(8). If the Legislature had intended to confer a private cause of action or civil penalty, it could have done so, just as it has in any number of statutes not found within the criminal code. Making this conclusion even clearer is the prefatory sentence of subsection 8 (that violation of the statute is a class E. crime), which

2

cannot be disassociated from the following sentence that expressly provides for restitution. This would be an odd way indeed for the Legislature to confer a private cause of action; to wit, by calling it restitution on the heels of an admonition that violation of the statute is a crime.

### III. Abuse of Process

Plaintiff moves the Court to reconsider Plaintiff's Motion to Dismiss Defendants' counterclaim for abuse of process. Because Defendant has pled sufficient facts to make out a prima facie case for abuse of process, as is set out in the Court's April 7, 2017 Order, the Court affirms its denial of Plaintiff's Motion to Dismiss.

### IV. Conclusion

The Court considers Plaintiff's Motion to Reconsider and affirms the Court's order of April 7, 2017.

Dated: May 12, 2017

Lance E. Walker
Justice, Superior Court